**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 10 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| HONGYU YANG,<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No. 11-73465<br><br>Agency No. A088-291-484<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 2, 2016**
Pasadena, California

Before: REINHARDT, PAEZ, and M. SMITH, Circuit Judges.

Hongyu Yang appeals the denial of his application for asylum and withholding

of removal. The Immigration Judge (IJ) and the Board of Immigration Appeals (BIA)

identified several inconsistencies within Yang's testimony. We consider only two

here. On appeal, Yang proposes possible ways to explain these inconsistencies away.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

His explanations are insufficient to conclude that the evidence compels a contrary result. *See Don v. Gonzales*, 476 F.3d 738, 741 (9th Cir. 2007). We have jurisdiction under 8 U.S.C. § 1252(a), and we affirm.

**1.** Yang's testimony concerning the permit required to have a child is clearly inconsistent. Yang first testified that he could not obtain a birth permit because his wife was under 22 years old when she became pregnant. On cross-examination, however, he claimed that a woman who is under 22 years old when she marries is forever barred from having a child in China. Then, he asserted that his wife's age had nothing to do with it—that he and his wife were denied a birth permit merely because the quota for the year had been exhausted. Yang and his wife were eventually granted a birth permit in 2006.

Yang's testimony is not only internally inconsistent, it also contradicts the Department of State's 2008 Human Rights Report on China, which indicates that women are permitted to marry at age 20, and permitted to have a child once married. Yang argues that the agency erred in using the State Department's report to impeach his testimony, but the REAL ID Act specifically permits such use. 8 U.S.C. § 1158(b)(1)(B)(iii). Yang also argues that his varied answers merely reflect a poor understanding of Chinese law. That may be so, but because the evidence is consistent

with the IJ's determination that Yang was not credible, that determination must be affirmed. *Cf. Don*, 476 F.3d at 741.

**2.** Yang also gave inconsistent testimony concerning a trip he took to Europe. Initially, he testified that he had traveled to Europe "for the purpose of escaping China and com[ing] to the U.S." Shortly thereafter, he testified that he was traveling merely to "rest a little" and have a "change of environment." After two weeks traveling, he returned to China. Yang argues that he explained away the inconsistency at the hearing by stating that he "thought about" staying in Europe but decided to return to China. That explanation, however, does not compel the conclusion that Yang's testimony concerning the purpose of his Europe trip was internally consistent. The record contains substantial evidence to support the IJ's adverse credibility determination.

One legitimate, specific, cogent basis is sufficient to affirm the agency; the record contains at least two. We therefore affirm the BIA's adverse credibility determination. As Yang's testimony was the only evidence in support of his application, he failed to meet his burden of proof and the BIA properly denied asylum and withholding of removal.

**PETITION DENIED.**